# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

    v.                                             Case No. 18-CR-134

**LUIS GAETA-GALVEZ,**

    Defendant.

## REPORT AND RECOMMENDATION ON
## DEFENDANT'S MOTION TO DISMISS INDICTMENT

Luis Gaeta-Galvez, a native and citizen of Mexico, was removed from the United States in November 2010 after he failed to voluntarily leave by the agreed-to departure date. At some point, Mr. Gaeta-Galvez illegally reentered the United States and avoided detection until he was arrested in the Milwaukee area in January 2018. In June 2018, he was charged with being illegally present in the United States after having been previously removed, in violation of 8 U.S.C. § 1326(a).

Mr. Gaeta-Galvez has moved to dismiss the indictment according to 8 U.S.C. § 1326(d), arguing that the 2010 removal proceedings were fundamentally unfair because the immigration judge lacked jurisdiction to issue the removal order. The United States contends that Mr. Gaeta-Galvez has made an inadequate showing to collaterally attack the prior removal order. The Court agrees with the United States. Because Mr. Gaeta-Galvez has failed to demonstrate that the entry of the

removal order was fundamentally unfair, the Court will recommend that his motion be denied.

I.  **Factual and Procedural Background**

Luis Gaeta-Galvez was born on July 8, 1986, in Jalisco, Mexico. *See* Pretrial Services (PTS) Report 1, ECF No. 13. When he was seventeen, Mr. Gaeta-Galvez entered the United States illegally and made his way to Milwaukee, Wisconsin, where he lived with his brother and sister-in-law. *See id.* at 2.

On September 10, 2009, the U.S. Department of Homeland Security served Mr. Gaeta-Galvez with a Notice to Appear for removal proceedings. *See* Exhibit A to Defendant's Motion to Dismiss Indictment, ECF No. 11-1. The Notice informed Mr. Gaeta-Galvez of the nature of the proceedings against him, the legal authority of those proceedings, the acts alleged to be in violation of law, the charges against him, and the statutory provision alleged to have been violated. *Id.* The Notice ordered Mr. Gaeta-Galvez to appear before an immigration judge in Chicago on "a date to be set" at "a time to be set" to show why he should not be removed from the United States. *Id.* Mr. Gaeta-Galvez subsequently received a notice from the immigration court that specified the hearing date and time. *See* Defendant's Motion to Dismiss Indictment 2, ECF No. 11.

Removal proceedings were held on July 14, 2010. *See* Exhibit B to Def.'s Mot., ECF No. 11-2. Mr. Gaeta-Galvez appeared at that hearing and requested voluntary departure. The immigration judge granted his request: Mr. Gaeta-Galvez had until November 12, 2010, to voluntarily depart the United States; otherwise, he would be

removed to Mexico. *Id.* It appears Mr. Gaeta-Galvez waived his right to appeal that order. *See id.*

On November 13, 2010, Mr. Gaeta-Galvez departed the United States by taxi from El Paso, Texas. *See* Exhibit C to Def.'s Mot., ECF No. 11-3. Because Mr. Gaeta-Galvez did not leave by his voluntary departure date, on November 15, 2010, the Department of Homeland Security issued a Warrant of Removal/Deportation for Mr. Gaeta-Galvez. *See* Exhibit D to Def.'s Mot., ECF No. 11-4.

On January 28, 2018, Mr. Gaeta-Galvez was arrested in the Village of East Troy for operating while intoxicated and possession of cocaine. *See* PTS Report 3–4. A few months later, he was taken into custody by the U.S. Immigration and Customs Enforcement. *See id.* at 4. On June 19, 2018, Mr. Gaeta-Galvez was indicted for illegal reentry, in violation of 8 U.S.C. § 1326(a). *See* Indictment, ECF No. 1. The Indictment alleges that Mr. Gaeta-Galvez was found in Walworth County, Wisconsin, on or about January 28, 2018, after being ordered removed from the United States and without having obtained consent for application for readmission into the United States. *Id.* The matter is assigned to United States District J.P. Stadtmueller for trial and to this Court for resolving pretrial motions. The trial has been adjourned. *See* Text Only Order dated 08/07/2018.

On August 14, 2018, Mr. Gaeta-Galvez filed a Motion to Dismiss Indictment, ECF No. 11. The United States filed an Opposition to Defendant's Motion to Dismiss, ECF No. 16, on August 27, 2018, and Mr. Gaeta-Galvez filed a Reply in Support of His Motion to Dismiss, ECF No. 17, on August 31, 2018. A month later,

3

Mr. Gaeta-Galvez informed the Court of a recent decision that he claims supports his Motion. *See* Defendant's Letter, ECF No. 18.

## II. Discussion

"Section 1326 makes it a crime for a removed alien to enter, attempt to enter, or be found in the United States without the consent of the Attorney General." *United States v. Baptist*, 759 F.3d 690, 694 (7th Cir. 2014) (citing 8 U.S.C. § 1326). Because "a prior removal is necessary for a conviction under § 1326, an alien may collaterally attack the underlying removal pursuant to the due process clause." *Baptist*, 759 F.3d at 694–95 (citing *United States v. Mendoza-Lopez*, 481 U.S. 828, 837–38 (1987)). "The defendant bears the burden of proving that the deportation order was defective." *Baptist*, 759 F.3d at 695 (citing *United States v. Arita-Campos*, 607 F.3d 487, 490 (7th Cir. 2010)).

To prove that a prior deportation order was defective, "an alien must demonstrate that (1) he exhausted all administrative remedies that were available to him; (2) the deportation proceedings improperly deprived him of the opportunity for judicial review; and (3) the entry of the order was 'fundamentally unfair.'" *Baptist*, 759 F.3d at 695 (citing 8 U.S.C. § 1326(d)). "[T]o demonstrate fundamental unfairness, the defendant must show that there was a due process violation and that he suffered prejudice as a result of the removal proceedings." *Baptist* 759 F.3d at 695 (citing *United States v. Santiago-Ochoa*, 447 F.3d 1015, 1019 (7th Cir. 2006); *United States v. Espinoza-Farlo*, 34 F.3d 469, 471 (7th Cir. 1994)). According to the Seventh Circuit, "all three requirements must be met before an alien can

successfully collaterally attack a prior removal." *Baptist*, 759 F.3d at 695 (citing *Santiago-Ochoa*, 447 F.3d at 1019–20; *United States v. Lara-Unzueta*, 735 F.3d 954, 961 (7th Cir. 2013)).

Mr. Gaeta-Galvez focuses primarily on the last requirement, arguing that the removal proceedings were fundamentally unfair because the immigration judge who ordered him removed lacked jurisdiction to issue the removal order. According to federal regulation, the jurisdiction of the immigration court "vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service." 8 C.F.R. § 1003.14(a).[1] "Charging document means the written instrument which initiates a proceeding before an Immigration Judge." 8 C.F.R. § 1003.13. "For proceedings initiated after April 1, 1997, these documents include a Notice to Appear, a Notice of Referral to Immigration Judge, and a Notice of Intention to Rescind and Request for Hearing by Alien." *Id.* According to 8 U.S.C. § 1229(a), a Notice to Appear must specify, among other things, "[t]he time and place at which the proceedings will be held."

The Notice to Appear issued to Mr. Gaeta-Galvez did not list a date or time of the hearing. *See* Def.'s Mot., Ex. A. Mr. Gaeta-Galvez contends that, because this statutorily required information was missing, the Notice was invalid, the Department never issued a valid charging document, jurisdiction never vested with

---

[1] The term Service in § 1003.14 refers to the U.S. Immigration and Naturalization Service. *See* 8 C.F.R. § 1001.1. That agency ceased to exist on March 1, 2003; its functions were transferred to the Department of Homeland Security. *Id.*; *see also* Authority of the Secretary of Homeland Security; Delegations of Authority; Immigration Laws, 68 Fed. Reg. 10922 (Mar. 6, 2003).

5

the Immigration Court, and his removal violated due process. According to Mr. Gaeta-Galvez, this finding is compelled by *Pereira v. Sessions*, 138 S. Ct. 2105, 2113–14 (2018), wherein the Supreme Court held that "[a] putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under section 1229(a),' and so does not trigger the stop-time rule."

The United States maintains that *Pereira* does not control here. *See* U.S.'s Opp'n 11–16. According to the United States, the *Pereira* holding is limited to the stop-time rule, a particular statutory provision potentially applicable in cancellation-of-removal proceedings. *See Pereira*, 138 S. Ct. at 2109 (citing 8 U.S.C. § 1229b). In support, the United States asserts that jurisdiction was not in issue in *Pereira*, and, unlike here, the cancellation-of-removal statute explicitly references a notice to appear under § 1229(a). Consequently, in the United States' view, the lack of compliance with § 1229(a) is immaterial because the Notice here satisfied the requirements of 8 C.F.R. § 1003.15, which does not mandate the inclusion of the time and place of hearing. *See* U.S.'s Opp'n 7–11. The United States further argues that the Notice of Hearing and actual removal proceedings cured any defect in the Notice to Appear. *See* U.S.'s Opp'n 16–19.

The Court finds that Mr. Gaeta-Galvez has not satisfied his burden of proving that the entry of his removal order was fundamentally unfair under § 1326(d) because the failure of the Notice to include the date and time of the hearing did not affect the result of the removal proceedings. *See Baptist*, 759 F.3d at

6

697 (finding that a successful collateral attack under § 1326(d) requires the defendant to establish "that the error likely affected the result of the proceedings") (quoting *Alimi v. Gonzales*, 489 F.3d 829, 834 (7th Cir. 2007)). Mr. Gaeta-Galvez received correct date and time information from the immigration court prior to the hearing, and he personally appeared at and meaningfully participated in the removal proceedings in Chicago on June 14, 2010, at which he requested voluntary departure. Indeed, Mr. Gaeta-Galvez was not removed *in absentia*; he was removed because he failed to voluntarily leave the United States by the agreed-to departure deadline. *Cf. Pereira*, 138 S. Ct. at 2112. Thus, notwithstanding whether the Notice's failure to comply with § 1229(a) constituted a due-process violation, Mr. Gaeta-Galvez did not suffer any actual prejudice from that error.

Mr. Gaeta-Galvez maintains that he "was unquestionably prejudiced by the removal order" because he "was ordered removed 'when he should not have been.'" Def.'s Mot. 14 (quoting *United States v. Aguilera-Rios*, 769 F.3d 626, 630 (9th Cir. 2014)). This, in the Court's view, is too generalized a showing of prejudice under § 1326(d). Instead, the Court must analyze whether Mr. Gaeta-Galvez was prejudiced by the particular procedural defect he complains of. *See United States v. Lopez-Collazo*, 824 F.3d 453, 462 (4th Cir. 2016) ("To establish fundamental unfairness under § 1326(d), a defendant must show that he suffered actual prejudice as a result of the due process violations in the removal proceedings. . . . This is not a generalized showing of prejudice; rather, the defendant must link the actual prejudice he claims to have suffered to the specific due process violation at

7

issue.") (citations omitted); *see also Espinoza-Farlo*, 34 F.3d at 471–72. He was not. Mr. Gaeta-Galvez was removed because he failed to leave the country on time, not because he was unaware of the date and time of the hearing.

Because Mr. Gaeta-Galvez failed to establish that his removal proceedings were fundamentally unfair, the Court does not need to determine whether he exhausted his administrative remedies or was deprived of the opportunity for judicial review. *See Baptist*, 759 F.3d at 698.

### III. Conclusion

Accordingly, for all the foregoing reasons, the Court will recommend that Mr. Gaeta-Galvez's Motion to Dismiss Indictment be denied.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that Luis Gaeta-Galvez's Motion to Dismiss Indictment, ECF No. 11, be **DENIED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Crim. P. 59(b), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Report and Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the district judge in writing.

Dated at Milwaukee, Wisconsin, this 10th day of October, 2018.

**BY THE COURT:**

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge