# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                    Plaintiff,

v.

LUIS GAETA-GALVEZ,

                    Defendant.

Case No. 18-CR-134-JPS

**ORDER**

Defendant has been charged with illegally re-entering this country after having been ordered deported. (Docket #1); 8 U.S.C. § 1326. Defendant has moved to dismiss the indictment in this matter based on a collateral attack of his underlying immigration proceedings. (Docket #11). Defendant's primary contention is that the immigration court lacked jurisdiction to order him deported based on a technical defect in the documents which initiated the immigration case. His argument rests on a novel reading of a recent Supreme Court case dealing with immigration proceedings, *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), issued on June 21, 2018.

Collateral attacks like Defendant's are not permitted unless he demonstrates that

> (1) [he] exhausted any administrative remedies that may have been available to seek relief against the [deportation] order;

> (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and

> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). Defendant seeks to sidestep these requirements for his jurisdictional argument. He asserts that the immigration proceedings were void from the outset, relieving him of the need to exhaust administrative remedies. Further, judicial review would have been futile at the time, as the law was squarely against him; his theory is based entirely on *Pereira*. Finally, Defendant argues that he was prejudiced, and thus the order of deportation was fundamentally unfair, because it was issued without proper jurisdiction and resulted in this criminal prosecution.

Many defendants in illegal re-entry cases across the country are filing identical motions to dismiss, and district courts are issuing decisions addressing the legal issues presented. However, this case presents a unique factual wrinkle. At his immigration court hearing, Defendant agreed to voluntarily depart this country no later than November 12, 2010. If he failed to do so, then his voluntary deportation would automatically transform into an order of involuntary removal. Later, a document was received from the U.S. consulate in Ciudad Juarez indicating that Defendant left on November 13, 2010. Thus, although Defendant was already out of the country, the removal order was deemed involuntary. Defendant's motion states that he disputes the information in the consulate document, but he did not make an argument about it in his briefing before the magistrate nor did he request an evidentiary hearing. *See* (Docket #11).

On October 10, 2018, Magistrate Judge David E. Jones issued a recommendation to this Court that Defendant's motion to dismiss be denied. (Docket #19). Among other things, Magistrate Jones found that based on the consulate document, Defendant had indeed left one day too late. *Id.* at 3. In two paragraphs at the end of his objection, Defendant states that he disputes this finding. (Docket #20 at 8–9). If Defendant is correct,

then the indictment in this case is invalid, as there should be no outstanding order of removal pending against him. The government responded to Defendant's argument in one paragraph. (Docket #21 at 13). It suggests that as to this factual contention, Defendant has not satisfied the terms of Section 1326(d), namely that he has not exhausted his administrative remedies by seeking to reopen his immigration case. Defendant makes no further mention of the issue in his reply. *See* (Docket #22).

The Court believes that it is most prudent to address Defendant's factual argument prior to wading into the legal issue he raises. The Court cannot, however, without a better understanding as to whether or how Defendant must comply with the Section 1326(d) requirements before making his factual argument to this Court. At first blush, there appear to be problems with applying Section 1326(d) to this scenario. The timing of a motion to reopen immigration proceedings, and the grounds upon which such proceedings may be reopened, are extremely limited. *See* 8 U.S.C. § 1229a(c)(6)–(7). Further, it seems odd that Defendant would be required to exhaust administrative remedies for an issue that arose long after his immigration hearing concluded. Indeed, the problem appears to have occurred automatically, without Defendant's knowledge, after he had already departed the United States.

How relevant these concerns are is unknown; the parties' scant attention on the issue does not address them. The Court will, therefore, order further briefing on the matter. The Court will then determine whether Defendant's factual contention is properly presented here. If it is not, the Court will proceed to analyze the legal issue presented. If the factual contention is ripe for adjudication, the Court will refer the matter back to Magistrate Jones for an evidentiary hearing, to be followed by a revised

recommendation addressing the propriety of Defendant's factual argument.

The parties shall simultaneously file their principal briefs on the matter within ten days, and they shall simultaneously respond five days thereafter. The principal briefs should not exceed ten pages, and the responses are limited to no more than five pages.

Accordingly,

**IT IS ORDERED** that the parties shall submit further briefing to the Court in accordance with the terms of this Order.

Dated at Milwaukee, Wisconsin, this 27th day of November, 2018.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge